IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAURA PEACOCK,                          )
                                        )
            Plaintiff,                  )
                                        )   Civil Action No. 15-547
      v.                                )
                                        )
UPMC PRESBYTERIAN[1],                   )
                                        )   Judge Cathy Bissoon
            Defendant.                  )

# MEMORANDUM ORDER

Defendant's Partial Motion to Dismiss (Doc. 10) will be GRANTED.

On April 28, 2015, Plaintiff filed a two-count Complaint (Doc. 1) asserting her termination from UPMC Presbyterian Shadyside was in violation of Title VII of the Civil Rights Act of 1964 because of her sexual orientation, gender and religion. On June 30, 2015, Defendant filed a Motion for Partial Dismissal stating that sexual orientation was not covered under Title VII. Doc. 6. Then, on July 7, 2015, Plaintiff filed an Amended two-count Complaint, substituting her sexual orientation claim with a sexual harassment claim. Doc. 9. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant filed the instant Partial Motion to Dismiss on July 10, 2015, arguing Plaintiff has failed to state a claim under for sexual harassment Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. Doc. 10.

Plaintiff cites three specific events to form the basis for her sexual harassment claim. See generally Doc. 9 at ¶ 15.

---

[1] Defendant informs the Court the caption should read UPMC Presbyterian Shadyside. Doc. 10. Should Defendant wish for the caption to reflect this, a motion must be filed.

1. In October of 2013, when making a request for time off, Plaintiff informed Ken Powers, her Team Lead, she wanted the time off to spend with her friend Ellen. Doc. 9 at ¶ 15(a)(i). Mr. Powers responded by asking, "Is Ellen your girlfriend?" Id.

2. On October 24, 2013, upon completion of her morning decontamination run, Mr. Powers asked Plaintiff what she had brought back with her from the morning run. Plaintiff informed Mr. Powers that she brought back, among other things, a pole. Id. at ¶ 15(a)(ii). Mr. Powers responded by asking, "Any attachments to that pole?" Plaintiff asked, "Like what?" Id. To which, Mr. Powers said "You're a lesbian of course you know what a snap-on is." Id.

3. The third incident occurred in Central Supply where a call came in for a scrotum sling. Id. at ¶ 15(a)(ii)[2]. The male employees thought the request was funny and called it a "ball sack," presumably in Plaintiff's presence. Id.

Plaintiff concedes that she is relying on only these three incidents to establish her claim for sexual harassment. Doc. 13 at 2. While she indicates in briefing that these instances are representative of the overall environment and that she was subjected to this type of behavior on a daily basis, these are the only facts she pleads to support her claim. Compare id. with Doc. 9 at ¶15.

To state a *prima facie* claim of hostile work environment sexual harassment, a plaintiff must plead that: (i) she suffered intentional discrimination *because of her sex*; (ii) the discrimination was severe or pervasive; (iii) the discrimination detrimentally affected her; and (iv) the discrimination would negatively affect a reasonable person in Plaintiff's position.

---

[2] Plaintiff's Amended Complaint contains two paragraphs 15(a)(ii). This second reference refers to what should be paragraph 15(a)(iii).

Andrews v. City of Phila., 895 F.2d 1469, 1482 (3d Cir.1990). To rise to the level of actionable harassment, "the workplace [must be] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993) (internal quotations omitted); see also Hodson v. Alpine Manor, 512 F. Supp. 2d 373, 387 (W.D. Pa. 2007) (holding that a plaintiff must show that she was subjected to "repeated, if not persistent acts of harassment").

Accepting as true all allegations related to Plaintiff's sexual harassment claim, as inappropriate for the workplace as the conduct may be, the Court finds the facts contained in the Amended Complaint fail to establish a viable claim. Simply put, on this record, this behavior does not rise to an actionable level. These three incidents, even when taken together, are neither sufficiently severe nor pervasive to establish a hostile work environment claim. As Defendant has highlighted in its brief, courts have granted motions to dismiss hostile work environment harassment claims based on allegations significantly more severe and pervasive than those pled by Plaintiff here. Doc. 11 at 4. See, e.g., Davis v. City of Newark, 285 Fed. App'x 899, 901-903 (3d Cir. 2008) (granting motion to dismiss and holding that ten incidents of alleged inappropriate racially-motivated harassment over a ten-year period is not sufficiently severe or pervasive); Gonzalez v. Potter, No. 09-0534, 2010 WL 2196287, at *5 (W.D. Pa. June 1, 2010) (granting motion to dismiss and holding that the issuance of two letters of reprimand over a four-month long period alleged because of the plaintiff's sex is not sufficiently severe or pervasive); Porta v. Dukes, No. CIV. A. 98-2721, 1998 WL 470146, at **1-3 (E.D. Pa. Aug. 11, 1998) (granting motion to dismiss and holding that a male supervisor's alleged comments to the plaintiff that "[t]he last time I saw you, you were quiet, a virgin, and unmarried," "when the cat's away the

mice will play," and "[you are] filling out nicely and have good child bearing hips" are not sufficiently severe or pervasive).

Consistent with the foregoing, Defendant's Partial Motion to Dismiss Plaintiff's Title VII claim for sexual harassment (**Doc. 10**) is **GRANTED**.

IT IS SO ORDERED.


March 9, 2016                                             s\Cathy Bissoon
                                                           Cathy Bissoon
                                                           United States District Judge

cc (via ECF email notification):

All Counsel of Record